### Andrew Lindstrum v. John Kraft.

1. VERDICT—*when not disturbed.* A verdict will not be set aside on appeal as against the weight of the evidence unless clearly and palpably so.

Action in trespass. Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed October 9, 1905.

ROY WRIGHT and J. J. REA, for plaintiff in error.

SCHAEFER & RHODES and RAY, DOBBINS & RILEY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in trespass by appellee against appellant to recover damages for an assault, whereby appellee lost the sight of one eye. There was a verdict and judgment against appellant in the court below for $500. The only substantial ground urged for a reversal of the judgment, is that the verdict is against the clear preponderance of the evidence.

On April 21, 1904, appellant was the keeper of the poor house in Champaign county, and appellee, a pauper, was an inmate of that institution. On that day appellee had been absent from the poor house without the consent of appellant, contrary to the rules governing the conduct of the inmates, and returned between six and seven o'clock in the evening. Appellant having been instructed by the committee

of the board of supervisors having supervision of the poor house to dismiss appellee in case he persistently violated the rules, followed appellee to the door of his room, charged him with again violating the rules and told him to leave the premises.

Appellee refused to leave and thereupon, as he testifies, appellant struck him in the eye with sufficient force to knock him down and produce the injury complained of. Appellant denies that he struck appellee, and attempts to account for the resulting injury by saying that he took hold of appellee to emphasize his demand that he leave the premises and that appellee in attempting to jerk away from him fell on the floor of the corridor and so received the injury.　There is evidence tending to show that a cylindrical steel or iron bar five or six inches in length and an inch and a half in diameter, used to support the radiator, had become detached and was found on the floor of the corridor in close proximity to the place where the altercation took place, and although there is no direct evidence to that effect, the theory advanced by appellant is that appellee in falling struck his eye on the end of the bar as it stood vertically on the floor.　August Lindstrum, a brother of appellant, corroborates the latter's version of the transaction, and Thomas Davis and Pete Rogers, testifying on behalf of appellant, say they did not see him strike appellee.　These witnesses also contradict appellee as to other details of the affair.　The location of Davis and Rogers with reference to the place where the altercation took place makes it highly improbable that they were in a position to see what occurred, and we are not favorably impressed by their evidence, as it appears in the record.

The theory advanced by appellant that appellee received the injury complained of by falling on the end of the bar referred to, does not fit the other uncontroverted facts in the case.　Immediately upon receiving the injury, appellee's eye bled and was swollen shut; the flesh became soft and pulpy and so remained for a considerable length of time.　The skin was not broken and there was no cut or

laceration observable by the attending surgeon and other witnesses who saw and examined appellee within a short time after he received the injury. The iron or steel bar referred to, was offered in evidence by appellant and was certified with the record to this court for our inspection. We have no hesitancy in saying that the physical facts contradict appellant's theory of the manner in which the injury resulted. The proof tends to show that the bar was in a vertical position before appellee fell on the floor and that it occupied the same position when he was lifted up. It seems incredible that a man weighing approximately 200 pounds, as did appellee, could fall striking his eye on the upright end of a metal bar such as described, with the force requisite to produce the resulting injury, without displacing or overturning it. But conceding that the apparently incredible in that respect might occur, an examination of the bar discloses that its edges are sharp, and if appellee had fallen upon it his flesh would certainly have been cut and lacerated. No other conclusion is possible. The appearance of the injury to appellee, as described by the witnesses, was such as would in all probability result from a violent blow by a clinched fist. The surrounding facts and circumstances in evidence in the case, lead us to the conclusion, notwithstanding the weight of the spoken evidence of witnesses as it appears in the record is on the side of appellant, that the jury was justified in finding the injury was produced in the manner claimed by appellee. We are loath upon this record to set aside the verdict of the jury approved by the trial judge and the judgment will be affirmed.

*Affirmed.*